UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JANE DOE,

                         Plaintiff,                       **ORDER**

      -against-                                     21 Civ. 6751 (AEK)

COUNTY OF ROCKLAND, *et al.*,

                        Defendants.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

In order to facilitate the progress of pre-trial discovery in this litigation in a just, speedy and inexpensive manner, to ensure compliance with the case management plan, and to prevent the accumulation of unresolved discovery issues, the following procedures will be followed for the resolution of discovery disputes:

The party objecting to disclosure, claiming an insufficient response to a discovery request, asserting a privilege, or raising any other form of discovery dispute bears the burden of coming forward by bringing the dispute to the attention of the Court as hereinafter set forth.

In calculating when a dispute arises, the Court anticipates that the parties will have complied with the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, in that the discovery demand or disclosure at issue, and, where applicable, the adversary's response, have been served.

When a party determines it needs either to compel or preclude discovery, the party must, within **3 business days**, confer in good faith with the adverse party or parties in person, by video, or by telephone to attempt to resolve the dispute. If the dispute is not resolved within **3 business days** of the completion of the meet-and-confer process, the objecting party then has **3 business**

**days** to bring the issue to the attention of the Court by filing a letter motion requesting a conference, in accordance with Local Civil Rule 37.2. The letter motion must not exceed 3 single-spaced pages, unless otherwise specified by the Court. Any adverse party has **3 business days** thereafter to submit a response, which also must not exceed 3 single-spaced pages. Counsel may annex to the letter submissions the relevant portions of the discovery demands or responses at issue, and/or relevant portions of documents in dispute. Written replies will not be accepted. In most cases, the parties will have an opportunity to make oral replies to points made in the letters at an in-person conference regarding the dispute.

When a legal privilege is asserted as a basis for refusing to comply with a discovery demand, the parties must follow the same timetable set forth above for attempting to resolve the dispute and raising the issue with the Court.

The time limitations set forth herein and in any other scheduling orders of the Court are to be strictly observed, and the parties and counsel are not authorized to extend any of the set time limitations without the prior approval of the Court.

Finally, if issues arise during depositions that require the intervention of the Court, counsel may contact chambers by telephone at 914-390-4070 during the deposition for a ruling.

Dated: August 14, 2025
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge