UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x

JANE DOE,

Plaintiff,

-against-

COUNTY OF ROCKLAND, ROCKLAND COUNTY SHERIFF'S OFFICE – CORRECTIONS DIVISION, ROCKLAND COUNTY CORRECTIONAL CENTER, ROCKLAND COUNTY SHERIFF'S OFFICE, its employees C.O. CHRISTOPHER TAGGART, C.O. JOHN KEZEK, and JOHN DOES/JANE DOES 1-6, individually and in their official capacity (the names John and Jane Does being fictitious as the true names of all are presently unknown),

Defendants.
---------------------------------------------------------------------x

**OPINION & ORDER**

21 Civ. 6751 (AEK)

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

This matter arrived in federal court on August 10, 2021, when Defendant County of Rockland, also sued herein as "Rockland County Sheriff's Office – Corrections Division," "Rockland County Correctional Center," and "Rockland County Sheriff's Office" (collectively, the "County"), removed the action from New York State Supreme Court, Rockland County. ECF No. 1. Currently before the Court are motions to dismiss pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendants C.O. Christopher Taggart ("Taggart") and C.O. John Kezek ("Kezek"). ECF Nos. 150, 151. For the reasons that follow, Taggart's motion to dismiss is GRANTED, and Kezek's motion to dismiss is DENIED WITHOUT PREJUDICE.

## BACKGROUND

On November 15, 2021, the County filed a motion to dismiss the original Complaint.[1] ECF Nos. 14-17.[2] Plaintiff both opposed the motion and filed her own motion for leave to file an amended complaint. ECF Nos. 22-23. On July 7, 2022, the Honorable Kenneth M. Karas, the District Judge who was then presiding over the action, issued an Opinion & Order that granted Plaintiff's motion and denied the County's motion as moot, ECF No. 36, and on August 8, 2022, Plaintiff filed the first amended complaint, ECF No. 37; refiled at ECF No. 38.[3] The County thereafter filed a motion to dismiss the first amended complaint, ECF Nos. 43-46, which Plaintiff again opposed while at the same time filing a motion for leave to amend, ECF Nos. 51-56. On September 22, 2023, Judge Karas issued an Opinion & Order that granted the County's motion to dismiss, granted Plaintiff leave to file another amended complaint within 30 days, and denied as moot Plaintiff's motion for leave to amend. ECF No. 71.[4] On October 22, 2023, Plaintiff

[1] The original Complaint, which was filed in state court on May 20, 2021, is docketed as Exhibit A to the County's Notice of Removal. *See* ECF No. 1-1 at ECF pgs. 2-22 ("Complaint" or "Compl.").

[2] That motion, and all subsequent motions to dismiss filed by the County, were only addressed to the claims in the original Complaint (and subsequent amended complaints) against the County. In a letter filed via ECF on the same day as the County's first motion to dismiss, counsel for the County made clear that their firm "never intended to appear for any of the individual defendants." ECF No. 18.

[3] Due to a filing error, the first amended complaint had to be refiled the next day. *See* ECF Nos. 37-38. All references to the first amended complaint in this Opinion & Order are to the properly filed version docketed at ECF No. 38.

[4] Judge Karas noted in this decision that "Defendants Taggart and Kezek have not appeared in this Action." ECF No. 71 at 1 n.1.

filed a second amended complaint. ECF No. 72; refiled at ECF No. 74.[5] The County filed a motion to dismiss the second amended complaint on May 3, 2024, ECF Nos. 91-93, which Plaintiff opposed, though this time without filing a separate motion for leave to file a third amended complaint, ECF No. 99. On March 28, 2025, Judge Karas issued an Opinion & Order that granted in part and denied in part the motion to dismiss. ECF No. 104.[6] An Amended Opinion & Order, which clarified which claims remained in the case, was issued on April 2, 2025. ECF No. 107. As part of this decision, Judge Karas granted Plaintiff leave to file another amended complaint within 30 days. *Id.* at 54-55. On May 3, 2025, Plaintiff filed a third amended complaint. ECF No. 108; refiled at ECF No. 128 ("Third Amended Complaint" or "Third Am. Compl.").[7]

The 136-page Third Amended Complaint[8] asserts 13 causes of action, only some of which are directed against Taggart and Kezek, and includes allegations of sexual misconduct perpetrated by Taggart and Kezek against Plaintiff and purportedly allowed by the County. *See*

---

[5] Due to filing errors, the second amended complaint had to be refiled twice. *See* ECF Nos. 72-74. All references to the second amended complaint in this Opinion & Order are to the properly filed version docketed at ECF No. 74.

[6] Judge Karas noted in this decision that "[n]one of the Individual Defendants"—which included Taggart and Kezek—"have yet appeared in this Action." ECF No. 104 at 2 n.1.

[7] There were several filing errors with the third amended complaint, *see* ECF Nos. 108, 111, 125; the properly filed version was finally docketed on September 24, 2025, *see* ECF No. 128. All references to the Third Amended Complaint in this Opinion & Order are to the properly filed version docketed at ECF No. 128.

[8] Many of the allegations in the Third Amended Complaint pertain to parties who are no longer part of the case, because Judge Karas dismissed various "Jane Doe" plaintiffs from the action, *see* ECF No. 104 at 54, and Plaintiff voluntarily withdrew her claims against all of the individual defendants except for Taggart and Kezek, *see* ECF No. 138. For example, paragraphs 92-174 of the Third Amended Complaint contain allegations related to the dismissed Jane Doe plaintiffs as well as dismissed individual defendants.

*generally id.* Plaintiff appears to assert the following claims against Taggart and Kezek: (1) a claim for violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 based on the use of excessive force, excessive restraint, and deliberate indifference to Plaintiff's welfare and safety (First Cause of Action); (2) a state law claim of common law assault and battery (Second Cause of Action); (3) a state law claim of intentional infliction of emotional distress (Sixth Cause of Action); (4) a state law claim of negligence (Seventh Cause of Action); (5) a state law claim of gross negligence and willful misconduct (Ninth Cause of Action); (6) a claim for violation of the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983 based on the use of excessive force (Eleventh Cause of Action); (7) a claim for violation of the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983 based on sexual abuse (Twelfth Cause of Action); and (8) a claim for violation of Plaintiff's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983 based on the deprivation of bodily integrity (Thirteenth Cause of Action).

Judge Karas entered a case management plan on May 22, 2025, ECF No. 113, and the case was referred to the undersigned for general pretrial supervision on August 7, 2025, ECF No. 116. On August 12, 2025, Plaintiff and the County consented to the jurisdiction of the undersigned for all purposes including trial. ECF No. 120. The Court held a case management conference on September 15, 2025, at which the status of individual defendants Taggart and Kezek (collectively, the "Individual Defendants") was discussed. At that time, Plaintiff's counsel stated that the original Complaint had been served on Taggart and Kezek, but that they had not been served with any of the subsequent amended complaints. Counsel for the County stated that he had no record of serving the Notice of Removal on either Taggart or Kezek, and

confirmed that they had never appeared in the action. To try to address Taggart and Kezek's lack of appearance, Plaintiff's counsel proposed to serve the Third Amended Complaint on Taggart and Kezek.

The Court ordered Plaintiff to file a letter by October 3, 2025 to provide an update on her progress in effecting service of the Third Amended Complaint on Taggart and Kezek, and to file proof of service by that same date if she had succeeded in serving them. *See* Docket Sheet, Minute Entry dated 9/15/2025. Plaintiff filed affidavits of service on October 14, 2025, indicating that service had been made on September 26 (Taggart) and September 27 (Kezek). ECF Nos. 135-37.[9] On December 18, 2025, counsel filed notices of appearance on behalf of Taggart and Kezek, as well as letters asking for leave to file motions to dismiss based on lack of service and the statute of limitations. ECF Nos. 140-45. Taggart and Kezek then consented to the jurisdiction of the undersigned for all purposes, ECF No. 148, and the Court set a briefing schedule for their motions to dismiss, ECF No. 149.

Taggart and Kezek each filed separate motions to dismiss on February 6, 2026, ECF Nos. 150 (Taggart), 151 (Kezek)[10]; Plaintiff filed consolidated opposition papers on March 14, 2026, ECF No. 154 ("Opp'n Mem."); and Taggart and Kezek filed their reply papers on March 30, 2026, ECF Nos. 155 (Kezek), 156 (Taggart).[11]

[9] ECF Nos. 135 and 136 appear to be duplicates of the affidavit of service on Taggart.

[10] While Taggart and Kezek filed separate motions, all of the components of their papers are virtually identical. Instead of citing both sets of papers, the Court cites only the filings at ECF Nos. 150-1 and 150-2.

[11] Taggart and Kezek also filed separate reply papers, but since those papers are also virtually identical, instead of citing both sets of papers, the Court cites only the filing at ECF No. 155 ("Reply Mem.").

## DISCUSSION

Taggart and Kezek both moved to dismiss the claims against them in the Third Amended Complaint pursuant to Rules 12(b)(2), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Buon v. Spindler,* 65 F.4th 64, 73 (2d Cir. 2023) (quotation marks omitted); *see Francine Hancock a/k/a Francine Colloro v. Beauty Fashion Sales Grp. Inc.*, No. 24-cv-3921 (MKV), 2026 WL 2566457, at *1 (S.D.N.Y. Aug. 28, 2026) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.") (quotation marks omitted). "Accordingly, since a dismissal for lack of jurisdiction renders all other claims moot, the Court must first address [the Individual Defendants'] Rule 12(b)(5) motion." *Id.* (quotation marks omitted).

### I. Rule 12(b)(5) Dismissal for Insufficient Service of Process

#### A. Legal Standard

Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint based on insufficient service of process. "On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (summary order). "The Court may look to matters outside of the complaint to determine the adequacy of service." *Francine Hancock*, 2026 WL 2566457, at *2 (cleaned up). "While a process server's affidavit of service constitutes *prima facie* evidence of proper service, a defendant's sworn denial of receipt of service rebuts the presumption of proper service and often necessitates an evidentiary hearing." *Id.* (cleaned up). "However, no hearing is required where the defendant fails to swear to specific facts to rebut the

statements in the process server's affidavits." *Id.* (quotation marks omitted). "Likewise, conclusory statements on the part of the plaintiff are insufficient to overcome a defendant's sworn affidavit that he [or she] was not served." *Id.* (quotation marks omitted).

Pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).[12] The New York Civil Practice Law and Rules ("CPLR") provide that service on an individual may be made by "delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . . ." CPLR § 308(2). "New York courts have construed 'actual place of business' to include (1) a place where the defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a clear identification of the work performed by her within that place of business." *Colvin v. State Univ. Coll. at Farmingdale*, No. 13-cv-3595 (SJF) (ARL), 2014 WL 2863224, at *14 (E.D.N.Y. June 19, 2014) (quotation marks omitted). "A defendant's actual place of business is his or her business address at the time of service, and not when the cause of action arose." *Id.* (quotation marks omitted). "CPLR 308(2) requires strict compliance and the plaintiff has the burden of proving, by a preponderance of the credible evidence, that service was properly made." *Id.* (quotation marks omitted).

---

[12] Because this case was originally filed in state court, service on the Individual Defendants was, in any event, governed by state law.

### B. Analysis

#### 1. Service of the Original State Court Complaint

The Individual Defendants' moving papers start with the premise that they were never served with the original Complaint in 2021, and proceed to focus on what they believe to be the insufficiency of the service of the Third Amended Complaint. *See* ECF No. 150-1 ¶¶ 8, 9, 10; 150-2 at 5-6 (contending that the service effected on September 27, 2025 "at the homes of [the Individual] Defendants' fathers does not satisfy Rule 4(e)(2)(B)"). This approach fails to get at the heart of a critical—and indeed, potentially dispositive—issue: if Taggart and/or Kezek were not served with the original Complaint in 2021, the claims against them may now be subject to dismissal, regardless of whether the Third Amended Complaint was properly served on them in September 2025. Accordingly, the Court focuses its discussion here on the question of whether the Individual Defendants were properly served with the original Complaint.

In opposition, Plaintiff asserts that the original Complaint was properly served on Taggart and Kezek. Citing affidavits of service filed in state court before the action was removed to federal court, Plaintiff contends that "[s]ervice in both of those instances was effectuated in compliance with CPLR 308." Opp'n Mem. at 11; *see* ECF No. 154-3 (affidavits of service).[13]

Plaintiff sought to serve both Taggart and Kezek with the original Complaint at their "actual place of business." With respect to Taggart, the affidavit of service filed in state court

[13] Plaintiff also notes that the docket entry associated with the Notice of Removal describes Exhibit A—which includes the summons and original Complaint, and Plaintiff's various affidavits of service—as "'all pleadings [ ] served to date.'" Opp'n Mem. at 6. First, no labeling language used by counsel for the County on the docket has any substantive bearing on the analysis of whether service on Taggart and/or Kezek was proper or not. Second, it is clear that the assertions in the Notice of Removal (and, by extension, in the docket entry) regarding the status of service rely on the affidavits of service submitted by Plaintiff. *See* ECF No. 1 ¶ 1 & Ex. A. Nothing about the County's filing can be construed as a waiver or acknowledgement of service by individual parties not even represented by the County.

states that a copy of the summons and the original Complaint was delivered to Lt. Paul Joaclim, "a person of suitable age and discretion," at 53 New Hempstead Road, New City, New York (the address of the Rockland County Sheriff's Office Corrections Division, *see* https://rocklandsheriffny.gov/contactinfo.html (last visited Sept. 25, 2026) [https://perma.cc/KF3B-NXWV]), on July 13, 2021, and then mailed to Taggart at the same address on July 14, 2021. *See* ECF No. 154-3. Similarly, with respect to Kezek, the affidavit of service filed in state court states that a copy of the summons and the original Complaint was delivered to the same Lt. Paul Joaclim, "a person of suitable age and discretion," at 53 New Hempstead Road, New City, New York, and then mailed to Kezek at the same address on July 14, 2021. *See id.*

In their reply papers, the Individual Defendants argue that "service upon an employer does not constitute service upon an individual defendant absent a legally cognizable agency relationship authorizing acceptance of process," and maintain that the "fact that Taggart and Kezek were formerly employed by the County does not render the County their agent for purposes of service of process." Reply Mem. at 2. The Individual Defendants cite to Plaintiff's own allegations in the original Complaint. *See id.* There, Plaintiff stated:

> Defendant Taggart, having to do with the allegations in this matter, was originally indicted in July 2020 on two counts of promoting prison contraband, a felony, and several counts of official misconduct as misdemeanors. He pled guilty in county court, and was sentenced to two years of probation. "As a condition of the plea, Taggard [*sic*] *had to resign as a corrections officer in the county sheriff's office*." *See* Mid Hudson News, Rockland County Corrections Officer Pleads Guilty, April 11, 2021, available at https://midhudsonnews.com/2021/04/11/rockland-county-corrections-officer-pleads-guilty/ [(last visited Sept. 25, 2026) (https://perma.cc/9ZW5-YFB2)]. "Taggard's [*sic*] guilty plea 'closes the prosecution of an officer who violated his oath to protect and serve the inmates of the Rockland County Jail,' said District Attorney Tom Walsh." *Id.*

Compl. ¶ 48 (emphasis added).[14] The Individual Defendants thus argue that

> at the time of the purported July 13, 2021 service, Taggart was no longer employed by the Rockland County Sheriff's Office. Plaintiff therefore cannot plausibly contend that service on the Sheriff's Office constituted service on Taggart, as no employment relationship—and thus no conceivable agency relationship—existed at that time. Plaintiff's own pleading defeats its [*sic*] position.

Reply Mem. at 2.

The Individual Defendants make a similar argument as to Kezek. While acknowledging that "Plaintiff's original pleading is less precise as to Kezek," they assert that "Plaintiff's theory of liability is premised on conduct resulting in a guilty plea and separation from employment prior to July 2021." *Id.* at 3. They cite a story from a local news outlet that reported on August 12, 2020 that Kezek was arraigned on an indictment for official misconduct related to sexually harassing female minority inmates, *id.* Ex. A, as well as documents evidencing that Kezek was suspended without pay on April 1, 2020, *id.* Ex. B, and that he began to receive retirement benefits on March 30, 2021, *id.* Ex. C.

It also is apparent from Plaintiff's filings in this action that at some point she was aware of Kezek's indictment, which had occurred almost a year before she filed the original Complaint. A press release dated July 31, 2020, regarding the indictments of both Kezek and Taggart, is attached as an exhibit to a declaration dated January 10, 2022 that was filed by Plaintiff in opposition to the County's first motion to dismiss and in support of her motion for leave to file her first amended complaint. *See* ECF Nos. 23-2, 23-3 (Ex. E). And in her second amended complaint dated October 22, 2023, Plaintiff both cited and attached as an exhibit an article from a local news outlet dated September 11, 2020 entitled, *Rockland corrections officer John Kezek*

[14] The Individual Defendants cite to paragraph 48 of the "Amended Complaint," *see* Reply Mem. at 2, but this allegation actually is at paragraph 48 of the original Complaint.

*faces 78 additional charges for jail misconduct*. *See* ECF No. 74 ¶ 50; ECF No. 74-3. The article, which reported on Kezek's indictment as well as Taggart's indictment, noted that "Sheriff Louis Falco has said both correction officers were subsequently suspended from duty." ECF No. 74-3.

Over the course of this action, there were various indicia that Taggart and Kezek had not been properly served. Not only did Taggart and Kezek fail to appear in the action at any time in the several years since the case was filed, but as noted above, counsel for the County made clear in a letter filed on November 15, 2021, that they "never intended to appear for any of the individual defendants." ECF No. 18.[15] And also as noted above, *see* footnotes 4, 6, *supra*, Judge Karas flagged in his Opinion & Order issued on September 22, 2023, that "Defendants Taggart and Kezek have not appeared in this Action," ECF No. 71 at 1 n.1, and again in his Opinion & Order issued on March 28, 2025, that "[n]one of the Individual Defendants"—which included Taggart and Kezek—"have yet appeared in this Action," ECF No. 104 at 2 n.1.

In an apparent attempt to excuse any deficiency in service, Plaintiff contends that

> [i]t's reasonable to state that Taggart and Kezek had actual or at least constructive notice of the instant claims for years, given the amount of times they should have been placed on notice. First, service was effectuated prior to the expiration of the Statute of Limitations.[[16]]

---

[15] This is in contrast to Plaintiff's conclusory assertion that "Defendant's [*sic*] filed to remove the state case to the federal case, all throughout this time were in communication and knowledgeable of individual Defendants whereabouts, through its employment at the jail to the 'county' criminally prosecuting these individuals." Opp'n Mem. at 1. As noted above, in the Notice of Removal, the County relied on Plaintiff's affidavits of service in claiming that all the defendants had been served. *See* ECF No. 1-1 ¶ 1 ("The Summons and Complaint were served upon all defendants on July 13, 2021. Copies of the Summons and Complaint and Affidavit of Service are attached collectively as Exhibit 'A' and constitute all process, pleadings, and orders served upon defendants. No defendants, including the County, have answered the Summons and Complaint yet."). Counsel for the County stated during the September 15, 2025 conference that since this case was filed, he had had no contact with either Taggart or Kezek regarding the case.

[16] This, of course, is the contested issue at the center of these motions.

> Second, prior to the state complaint, Notice[s] of Claims were served on February 24, 2020 and vetted by the county where Taggart and Kezek were at the center of the allegations (Exhibit A[[17]]).

Opp'n Mem. at 11-12.

**2. Sufficiency of Service on Taggart**

**a. Taggart Was Not Properly Served with the Complaint**

With respect to Taggart, the record shows that he was never properly served with the original Complaint when the action was filed in state court in May 2021. Plaintiff's own allegation in the Complaint establishes that the Rockland County Sheriff's Office Corrections Division was not Taggart's "actual place of business" on July 13, 2021 for purposes of effecting service, *see* Compl. ¶ 48 (citing a news article dated April 11, 2021, which reported that Taggart had resigned from the Rockland County Sheriff's Office),[18] and Plaintiff's reliance on what is thus an inaccurate affidavit of service does not satisfy her burden of proving the sufficiency of service on Taggart. Even if Plaintiff is correct that Taggart was aware of her notices of claim prior to commencement of the action—and she has not provided any evidence, or even a non-conclusory argument, that he was, *see* Reply Mem. at 3—"actual notice does not cure improper service." *Jean-Baptiste v. U.S. Dep't of Justice*, No. 23-441, 2024 WL 1193062, at *1 (2d Cir.

[17] Exhibit A to Plaintiff's opposition brief consists of copies of Plaintiff's notice of claim (served on February 24, 2020) and amended notice of claim (dated November 10, 2020), pursuant to New York General Municipal Law § 50-e, which were addressed and directed to various Rockland County government departments and to the Rockland County Executive. Plaintiff also states that the Individual Defendants were on notice of the lawsuit because "when additional Plaintiffs came forward, additional Notices of Claims were filed." Opp'n Mem. at 12. But Plaintiff does not provide copies of those notices of claim or the date (or dates) when they were purportedly filed. Nor does Plaintiff explain how Taggart and Kezek would have been made aware of any of the notices of claim.

[18] This allegation was repeated in every subsequently filed amended complaint. *See* ECF No. 38 ¶ 68; ECF No. 74 ¶ 193; Third Am. Compl. ¶ 89.

Mar. 20, 2024) (summary order); *see United States v. Thompson*, 921 F.3d 82, 87 (2d Cir. 2019) (same, under New York law); *see also F.D.I.C. v. O'Connor*, No. 94-cv-4218 (RWS), 2008 WL 2557426, at *2 (S.D.N.Y. June 26, 2008) ("actual notice of the action will not, in itself, cure an otherwise defective service" (quotation marks omitted)).[19]

#### b. An Extension of Time to Complete Service Is Not Warranted

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time," but that "if the plaintiff shows 'good cause' for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Moreover, the Second Circuit has held that pursuant to Rule 4(m), "a district court *may* grant an extension [for service of process] in the absence of good cause, but it is not required to do so." *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007) (emphasis in original).

Even though Plaintiff has articulated the standards under both the CPLR and the Federal Rules of Civil Procedure, she only fleetingly suggests the possibility of an extension of time for service, because she argues repeatedly that Taggart was properly served with the original Complaint. *See* Opp'n Mem. at 9 ("in the interest of justice, the better course in proceeding is to set a short deadline for proper service or a motion to extend service recently perfected"), 12 ("if there are reservations, then Plaintiff could be granted leave for a brief extension to effect proper service on Taggart and Kezek rather than dismissing them outright"). But in light of the Court's conclusion that service on Taggart was deficient, and the aforementioned references in Plaintiff's

[19] Contrary to Plaintiff's assertion, *see, e.g.*, Opp'n Mem. at 1, 2, because Taggart was never properly served, he has never been in default in this action.

brief, the Court considers whether Plaintiff is entitled an extension of time pursuant to Rule 4(m).[20]

"The plaintiff bears the burden of proof in showing that he [or she] had good cause in not timely serving the defendant." *Velazquez v. Norma Kamali, Inc.*, No. 22-cv-6510 (JPC), 2022 WL 17156109, at *1 (S.D.N.Y. Nov. 22, 2022) (cleaned up). "To establish good cause a plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control." *Id.* (quotation marks omitted). Here, Plaintiff does not and cannot establish good cause. Despite knowing that Taggart had resigned from the Rockland County Sheriff's Office in April 2021, Plaintiff's counsel had a process server attempt to serve Taggart at the Rockland County Sheriff's Office and then, when Taggart failed to appear in the action over the next several years, took no action to rectify the mistake. This is not an exceptional circumstance beyond Plaintiff's control, and Plaintiff's counsel did not exercise diligence to correct the deficient service. "Attorney error does not constitute good cause under Rule 4(m)." *Id.* (quotation marks omitted). Accordingly, Plaintiff has not shown good cause for the failure to serve Taggart, and is not entitled to an extension of time to effect service under Rule 4(m) on that basis.

---

[20] As set forth in 28 U.S.C. § 1448, "[i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process . . . or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in district court." 28 U.S.C. § 1448; *see Futia v. Roberts*, No. 23-cv-1774 (VB), 2023 WL 8237246, at *7 (S.D.N.Y. Nov. 28, 2023) ("28 U.S.C. § 1448 enables parties to cure deficiencies with the original service, after an action is removed from state to federal court, by re-serving defendants consistent with Federal Rule of Civil Procedure 4."). Because the Court finds that the attempt to serve Taggart with the original Complaint prior to removal was deficient, the assessment of whether an extension of time to effect proper service is warranted must be made pursuant to Rule 4(m).

The Court nonetheless has the discretion to grant an extension of time even in the absence of good cause. *Zapata*, 502 F.3d at 196; *accord Buon*, 65 F.4th at 75. "Courts generally consider four factors to determine if a service extension is appropriate where good cause is missing: (1) whether any applicable statutes of limitations would bar the action once re-filed; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by extending the plaintiff's time for service." *Mitchell v. BP Prods. North Am. Inc.*, No. 25-cv-1193 (JPC), 2026 WL 1283346, at *2 (S.D.N.Y. May 11, 2026) (cleaned up).

The first factor weighs in Plaintiff's favor, as the applicable statutes of limitations would bar Plaintiff's claims against Taggart. The statute of limitations applicable to Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985 is three years. *See Paige v. Police Dep't of City of Schenectady*, 264 F.3d 197, 199 n.2 (2d Cir. 2001) (*per curiam*). "For actions brought pursuant to § 1986, the limitations period is one year." *Id.* (citing 42 U.S.C. § 1986). The statute of limitations applicable to Plaintiff's state law negligence claims is three years, *see* CPLR § 214(5), and the statute of limitations applicable to her state law claims of assault, battery, and intentional infliction of emotional distress is one year, *see* CPLR § 215(3); *see Gomez v. City of New York*, No. 14-cv-5932 (CM), 2016 WL 5115499, at *6 (S.D.N.Y. Sept. 16, 2016),

Claims under §§ 1983, 1985, and 1986 "generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim." *Wilson v. City of New York*, No. 20-cv-4178 (LLS), 2020 WL 4606423, at *3 (S.D.N.Y. Aug. 10, 2020). State law claims of assault, battery, and intentional infliction of emotional distress accrue on the date of the injury. *See Murphy v. City of New York*, 719 F. Supp. 3d 357, 369 (S.D.N.Y. 2024) (assault and battery); *Anderson v. State of New York*, No. 24-cv-87 (JLS), 2026 WL 1839825, at *5 (W.D.N.Y. June

26, 2026) (intentional infliction of emotional distress). Negligence claims accrue "upon the date of the injury, even if the plaintiff is unaware that he or she has a cause of action." *Anderson*, 2026 WL 1839825, at *5 (quotation marks omitted).

Here, the allegations of misconduct related to Taggart are alleged to have occurred from July 2019 through January 2020. *See* Third Am. Compl. ¶ 83. The three-year statute of limitations for the 42 U.S.C. § 1983, 42 U.S.C. § 1985, and state law negligence claims thus would have expired at various points between July 2022 and January 2023, but the statute of limitations was tolled for 228 days due to the COVID-19 pandemic. *See Rich v. New York*, No. 21-cv-3835 (AT), 2022 WL 992885, at *8 (S.D.N.Y. Mar. 31, 2022) ("[C]ourts in this district have uniformly concluded that Executive Order 202.8 applies to federal cases applying New York's statute of limitations, including for § 1983 claims."); *see also* 9 N.Y. Comp. Codes R. & Regs. 8.202.8 (Executive Order issued on March 20, 2020, tolling statute of limitations in New York due to COVID-19 pandemic); 9 N.Y. Comp. Codes R. & Regs. 8.202.67 (Executive Order issued on October 4, 2020, ending tolling of statute of limitations on November 3, 2020). Accordingly, the statute of limitations for these claims expired at various points between February 14, 2023 and September 18, 2023 (September 16, 2023 fell on a Saturday).[21]

The one-year statute of limitations applicable to the 42 U.S.C. § 1986 claim and the state law claims of assault, battery, and intentional infliction of emotional distress would have expired at various points between July 2020 and January 2021, and with the 228-day toll of the statute of limitations due to the COVID-19 pandemic, it would have expired at various points between

[21] Because Plaintiff does not provide the specific dates on which Taggart's alleged misconduct occurred, for purposes of adding the 228-day tolling period to the statute of limitations, the Court has assumed that the misconduct occurred during the period from July 1, 2019 through January 31, 2020.

February 16, 2021 (February 14, 2021 was a Sunday, and February 15, 2021 was a federal holiday) and September 16, 2021.[22] The current operative pleading—the Third Amended Complaint—was not filed until May 3, 2025, well after the expiration of the statutes of limitations for all of Plaintiff's claims. Accordingly, all of Plaintiff's claims against Taggart are time-barred and cannot be brought now.[23]

The second factor weighs against Plaintiff, as she has not provided any evidence that Taggart had actual notice of the action. As discussed above, the fact that notices of claim were served on various Rockland County government departments and officials does not provide any indication that Taggart ever knew about the notices of claim, and in any event, knowing about a notice of claim under the New York General Municipal Law is not the same as knowing about a lawsuit where one is named as a defendant. There is also no indication that Taggart learned about the lawsuit from the County defendants—indeed, counsel for the County represented to the Court that he had had no contact with Taggart about the lawsuit since it was filed.

The third factor also weighs against Plaintiff, as there is no suggestion that Taggart attempted to conceal the defect in service. And even to the extent Plaintiff's counsel's process server was provided with incorrect information about Taggart's employment status by the individual who received the summons and original Complaint purportedly on Taggart's behalf,

[22] Assuming without deciding that Plaintiff has stated claims against Taggart that fall within the ambit of New York's Adult Survivors Act, CPLR § 214-j, the tolling afforded by the Act, which applied to claims that were time-barred as of the Act's effective date of May 24, 2022, does not save Plaintiff's claims. The Act only revived time-barred claims and allowed them to be brought "not earlier than six months after, and not later than one year and six months after the effective date of this section," CPLR § 214-j, *i.e.*, between November 24, 2022 and November 24, 2023.

[23] Plaintiff admits as much when she states in her opposition brief, in support of granting a discretionary extension of time, that the "[l]imitation will have run, where the individual cause[s] of action that would survive here were being ironed out for almost 3 years." Opp'n Mem. at 13.

counsel had enough information in his own possession—and even included such information in the Complaint, *see* Compl. ¶ 48—to know that Taggart no longer worked for the County.

Finally, the fourth factor, prejudice to Taggart, weighs against Plaintiff. This case had been pending for over four years when this Court conducted its first conference. During that time, Plaintiff and the County engaged in multiple rounds of motion practice; Plaintiff amended her complaint several times; Plaintiff's counsel received multiple reminders that Taggart had never appeared; and discovery proceeded between Plaintiff and the County before this Court set the briefing schedule for the instant motions and stayed discovery. *See* ECF Nos. 133, 134, 149; Docket Sheet, Minute Entries dated 10/14/2025, 11/19/2025. "It is obvious that any defendant would be harmed by a generous extension of the service period beyond the limitations period for the action, especially if the defendant had no actual notice of the existence of the complaint until the service period had expired; and it is equally obvious that any plaintiff would suffer by having the complaint dismissed with prejudice on technical grounds—this is no less true where the technical default was the result of pure neglect on the plaintiff's part. But in the absence of good cause, no weighing of the prejudices between the two parties can ignore that the situation is the result of the plaintiff's neglect." *Zapata*, 502 F.3d at 198. Given that the many years of delay in addressing the issue of proper service on Taggart is the result of Plaintiff's neglect, in this case, the prejudice to Taggart outweighs the prejudice to Plaintiff.

On balance, the four factors taken together weigh against granting Plaintiff a discretionary extension of time to effect proper service on Taggart. "Moreover, however those factors might balance out in the abstract, here, they must be viewed in the context of Plaintiff's abject failure to justify adequately [her] untimely service on [Taggart]." *Mitchell*, 2026 WL 1283346, at *4 (cleaned up). To obtain a discretionary extension absent a showing of good

cause, "the plaintiff must ordinarily advance some colorable excuse for neglect." *Zapata*, 502 F.3d at 198. Plaintiff has not offered any excuse for failing to correct her mistake—a mistake made plain by an allegation in the original Complaint that was repeated in all three of her amended complaints.

Accordingly, Taggart's motion to dismiss for lack of sufficient service is GRANTED, and the action as asserted against him is dismissed with prejudice. *See, e.g.*, *Toner v. Suffolk Cnty. Water Auth.*, 220 F.R.D. 20, 21-22 (E.D.N.Y. 2004) (granting motion to dismiss for failure to timely effect service and dismissing the action with prejudice "[d]ue to the expiration of the relevant statute of limitations").[24]

**3. Sufficiency of Service on Kezek**

With respect to Kezek, the motion papers do not provide evidence in admissible form to demonstrate that the Rockland County Sheriff's Office Corrections Division was not Kezek's "actual place of business" on July 13, 2021 for purposes of effecting service. The documents attached to the reply papers as Exhibits A through C are not authenticated.[25] And even though courts have held that in response to a process server's affidavit of service, which "constitutes *prima facie* evidence of proper service," "a defendant's sworn denial of receipt of service [can rebut] the presumption of proper service," *Francine Hancock*, 2026 WL 2566457, at *2, Kezek,

[24] Because Taggart was never properly served, and the claims against him are time-barred, the Court does not address either the sufficiency of the service purportedly made in September 2025 or any of his other arguments for dismissal of the action.

[25] Furthermore, while the Individual Defendants cite Exhibit C as evidence that Kezek's "effective retirement date was March 30, 2021," Reply Mem. at 3, that document notes only that March 30, 2021 was the date on which Kezek began receiving his monthly pension benefit from the New York State and Local Retirement System. While this document may suggest that Kezek retired from his employment with the Rockland County Sheriff's Office on or before March 30, 2021, it does not definitively state this in a manner that the Court can rely upon to establish whether Kezek was employed in July 2021 or not.

somewhat inexplicably, did not file a sworn statement denying receipt of service. Nonetheless, both the local news article and the press release cited and produced by Plaintiff in court filings, *see* ECF Nos. 23-3 (Ex. E), 74 ¶ 50, and 74-3, as well as the other indicia of deficient service cited above, raise a serious question as to whether the Rockland County Sheriff's Office Corrections Division was, in fact, Kezek's "actual place of business" on July 13, 2021. Plaintiff has not addressed this issue through the production of any evidence demonstrating that service was adequate. "A court has discretion to hold an evidentiary hearing on this matter *sua sponte*, but it is not required to do so." *Maldonado v. Arcadia Bus. Corp.*, No. 14-cv-4129 (DLI) (RML), 2015 WL 12791329, at *4 (E.D.N.Y. Aug. 27, 2015), *adopted by* Docket Sheet, No. 14-cv-4129 (DLI) (RML), Entry dated 9/18/2015. Under the circumstances, the Court finds that an evidentiary hearing would be appropriate here.

The Court will therefore schedule a hearing at which the parties will be able to provide evidence on the issue of service of the original Complaint.[26] Accordingly, Kezek's motion to dismiss for lack of sufficient service is DENIED WITHOUT PREJUDICE.[27]

---

[26] Kezek can file a sworn statement or provide testimony without waiving his defense of insufficient service of process. While "[t]he defense of insufficient service of process may be waived . . . by failing to assert it promptly by motion or in the responsive pleading, or by participating in the litigation without questioning personal jurisdiction[,]" "[m]erely making a general appearance before the court will not constitute a waiver of the defense so long as the party makes a timely challenge to the court's jurisdiction." *Zherka v. Ryan*, 52 F. Supp. 3d 571, 577 (S.D.N.Y. 2014).

[27] Because the same Rule 4(m) issues apply to the question of service on Kezek and could likewise lead to dismissal of the action as against him, the Court declines to address at this time the other arguments for dismissal raised by Kezek. If the matter of the service of the original Complaint on Kezek is resolved in favor of Plaintiff, the Court will authorize Kezek to refile his motion to dismiss on the remaining grounds articulated in his filing at ECF No. 151, and Plaintiff will be given a fresh opportunity to respond.

## CONCLUSION

For the reasons stated above, Taggart's motion to dismiss (ECF No. 150) is GRANTED, and the action as asserted against Taggart is dismissed with prejudice. The Clerk of Court is respectfully directed to terminate C.O. Christopher Taggart as a party in this case.

Kezek's motion to dismiss (ECF No. 151) is DENIED WITHOUT PREJUDICE.

A video conference will be held on October 14, 2026 at 2:00 p.m., at which the Court will set a date for, and address the scope of, the evidentiary hearing. The Court will also entertain alternative ideas for the submission of the necessary evidence if the parties are able to meet and confer in advance of the hearing and submit a joint proposal. At this conference, the parties should also be prepared to discuss the status of discovery so that the Court can ascertain what discovery, if any, can proceed while Kezek's status remains undecided. The Court will send a video link to the parties in advance of the conference.

Dated: September 28, 2026
White Plains, New York

**SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge